**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

FT MYERS TAV APTS, LLC; and THE MARCUS ORGANIZATION, INC.,

Plaintiffs,

v. Case No. 2:26-cv-2325-SPC-KRH

EVEREST NATIONAL INSURANCE COMPANY; and WESTCHESTER SURPLUS LINES INSURANCE COMPANY,

Defendants.
_______________________________/

**Order**[1]

Before the Court are three Motions: (1) Plaintiffs' Motion to Remand (Doc. 19); (2) Matthew Ponzi's Opposed Motion for Special Admission (Doc. 21); and (3) Plaintiffs' Unopposed Motion to Withdraw Motion to Remand (Doc. 36). After considering the whole record, Plaintiffs' Motion to Remand (Doc. 19) is granted; the Motion for Special Admission (Doc. 21) is denied as moot; and Plaintiffs' Motion to Withdraw Motion to Remand (Doc. 36) is denied. The Court remands.

## Background

Plaintiffs sued Defendants in state court for breach of contract and declaratory judgment about damages related to Hurricane Ian. (Doc. 7).

[1] Unless otherwise indicated, all citations are cleaned up without notation by removing non-substantial quotes, citations, or alterations to improve readability.

Defendants removed based on diversity jurisdiction (Doc. 1 at 4-15).[2]

Defendants asserted that "both the diversity and amount-in-controversy requirements are met." (Doc. 1 at 4). Ultimately, Plaintiffs challenged Defendants' removal based on a lack of complete diversity. (Doc. 19). Defendants responded. (Doc. 26-27). The Court then directed additional briefing on Plaintiffs' unsettled citizenship (Doc. 31). In a roundabout way, Plaintiffs responded via an Unopposed Motion to Withdraw the Motion to Remand—demonstrating more uncertainty as to the citizenship of all of Plaintiffs' members. (Doc. 36). Defendants neglected to clear up any jurisdictional issues.

The parties now seem to agree on staying here. Yet if a court fails to determine subject-matter jurisdiction before addressing the merits, the whole case could be for naught. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

So jurisdiction, however approached, is ripe for a decision.

## Legal Standard

Federal courts have "limited jurisdiction"; they "are 'empowered to hear only

---

[2] Neither Plaintiffs nor Defendants suggest the existence of a federal question; thus, this analysis is limited to diversity. *See Delta Build Servs. v. E2F Homes, Ltd. Liab. Co.*, No. 2:25-cv-995-JES-DNF, 2025 U.S. Dist. LEXIS 260281, at *3 (M.D. Fla. Dec. 17, 2025) ("When complete diversity citizenship does not exist, the defendant must show that federal question jurisdiction is present.").

those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *E.g.*, *Univ. of S. Ala.*, 168 F.3d at 409. "The district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Absent certain exceptions, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." *Id.* § 1441(a). That said, "A removing defendant bears the burden of proving proper federal jurisdiction." *4075 Edison ST., LLC v. Beacon Sales Acquisition Inc.*, No. 2:22-cv-316-SPC-NPM, 2022 U.S. Dist. LEXIS 98832, at *1 (M.D. Fla. June 2, 2022); *Univ. of S. Ala.*, 168 F.3d at 411-12 (same).

Relevant here, "for diversity purposes, a limited liability company [("LLC")] is a citizen of each state in which its members are citizens." *E.g.*, *CityPlace Retail, Ltd. Liab. Co. v. Wells Fargo Bank, N.A.*, No. 20-11748, 2021 U.S. App. LEXIS 21054, at *2 (11th Cir. July 15, 2021). "Each member of the LLC must be diverse from the opposing party." *4075 Edison*, 2022 U.S. Dist. LEXIS 98832, at *2. To be sure, "complete diversity is destroyed if even one member of the LLC shares citizenship with the" opposing side. *E.g.*, *Stuck v. Owl Creek Boat Works & Storage, LLC*, No. 2:25-cv-1175-JES-NPM, 2026 U.S. Dist. LEXIS 29841, at *3 (M.D. Fla. Feb. 13, 2026). So, it follows that "a removing defendant must trace down the citizenship of all members." *4075 Edison*, 2022 U.S. Dist. LEXIS 98832,

at *2. When determining the citizenship of LLC members who are natural persons, therefore, the removing party must sufficiently identify "each member of [an] LLC and allege the citizenship—not residency—of each member individually." *Upofloor Ams., Inc. v. S Squared Sustainable Surfaces, LLC*, No. 6:16-cv-179-Orl-37DAB, 2016 U.S. Dist. LEXIS 13825, at *1 (M.D. Fla. Feb. 4, 2016).[3]

**Discussion**

This analysis begins with an effort to look past the jurisdictional defects.

## 1. Unopposed Motion to Withdraw Motion to Remand (Doc. 36)

Plaintiffs now "move for leave to withdraw the pending Motion to Remand." (Doc. 36). Plaintiffs state that a "[c]ontinued investigation has supplied additional citizenship information, although certain ownership tiers remain unresolved." (Doc. 36 at 1). Plaintiffs also note in this Motion that Plaintiffs still harbor uncertainty as to citizenship of Plaintiff Ft Myers Tav Apts, LLC's ("Taverna") members for diversity purposes. All of Taverna's members are LLCs.

To that end, Plaintiffs state:

> Based on the investigation to date, Plaintiffs have not identified citizenship attributable to FT MYERS TAV APTS, LLC in Georgia, Delaware, New Jersey, or Pennsylvania. At this point, Plaintiffs have no good faith factual basis to believe that completing the remaining ownership tiers will identify citizenship in any of those four states. [Thus,] Plaintiffs seek withdrawal to avoid further expenditure on the pending motion while completing their disclosures.

---

[3] "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "A person's domicile is the place of his 'true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" *Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005).

(Doc. 36 at 3-4). Plaintiffs can ask to withdraw its Motion to Remand (Doc. 19). As to the sentiment underlying the Motion, though, there are no backsies. No matter what the parties say, the Court has a duty to determine subject-matter jurisdiction. *E.g.*, *Reyes v. State Farm Mut. Auto. Ins. Co.*, No. 8:23-cv-974-CEH-UAM, 2023 U.S. Dist. LEXIS 171160, at *5 (M.D. Fla. Sep. 26, 2023) ("It is well-settled that a federal court must examine its jurisdiction before proceeding to the merits of an action."); *Univ. of S. Ala.*, 168 F.3d at 410 (collecting cases) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

"In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. . . . [To be sure,] We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017). Federal courts undoubtedly have limited jurisdiction and "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y.H. Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). So the Motion to Withdraw is denied.

That said, the Court turns to the core problem.

**2. Motion to Remand (Doc. 19)**

This inquiry addresses jurisdiction and jurisdictional discovery in turn.

### A. Jurisdiction

LLC's present a challenge when someone seeks to establish diversity:

> When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company . . . is a citizen of every state that any member is a citizen of. And it is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC. The simplest misstep has the potential to derail years of litigation and result in a massive financial sanction. . . . It is in everyone's best interest, both the litigants' and the courts', to verify that diversity jurisdiction exists before proceeding with the case.

*Purchasing Power*, 851 F.3d at 1220-21. Taverna offers a factor tree forest.

On removal, Defendants stated that "the Parties are diverse in citizenship as Plaintiffs are citizens of New York, Florida, and Texas, and Defendants are citizens of New Jersey, Delaware, Georgia, and Pennsylvania." (Doc. 1 at 6). Defendants hedged their confirmation of Taverna's citizenship by stating, "After good-faith efforts, Defendants are *informed and believe* that at the time the Complaint was filed, and at all times subsequent thereto, Taverna's members are citizens of the States of Florida and Texas." (Doc. 1 at 6); *see, e.g.*, *CityPlace Retail, Ltd. Liab. Co.*, 2021 U.S. App. LEXIS 21054, at *6 (emphasis added) ("In the notice of removal, Wells Fargo hedged and said that CityPlace was a citizen of either New York or Delaware. This either/or approach was not a list of the citizenship of all CityPlace's members and, as we know from the amended notice of removal, some states were missing."). In any event, at the time of removal, both sides of the

"v." depicted this:

| π | *v.* | Δ |
|---|---|---|
| **FL; NY; TX** | | **DE; GA; NJ; PA** |

Nonetheless, after removal, Plaintiffs filed a Motion to Remand. (Doc. 19). In that Motion, Plaintiffs assert "Defendants' failure to identify and allege the citizenship of all the members of Plaintiff Taverna is fatal to their assertion of diversity jurisdiction." (Doc. 19 at 4). And because "Defendants have not carried their burden of establishing complete diversity, this action must be remanded for lack of subject matter jurisdiction." (Doc. 19 at 5). This was probably right already.

But things got worse. In response (Doc. 26), Defendants added more states to Plaintiffs' side of the "v." as it pertains to Taverna's citizenship. So back to the drawing board. Considering Defendants' Response (Doc. 26 at 10), both sides of the "v." (at that point) looked like this:

| π | *v.* | Δ |
|---|---|---|
| **FL; NY; MA; MO; TX** | | **DE; GA; NJ; PA** |

Where—as here—the picture starts changing significantly, concerns arise. The addition of new states and LLCs often indicates that remand will follow. *See, e.g.*, *CityPlace Retail, Ltd. Liab. Co.*, 2021 U.S. App. LEXIS 21054, at *1-13; *Consol. Prop. Invs., LLC v. Sherwin-Williams Co.*, No. 3:19-cv-503-J-39MCR, 2020 U.S. Dist. LEXIS 267304 (M.D. Fla. Jan. 31, 2020).

With the outline already expanding, Plaintiffs added yet another state—North Carolina. (Doc. 33 at 13). So the citizenship illustration depicted this:

| π | *v.* | Δ |
|---|---|---|
| **FL; NY; MA; MO; TX; NC** | | **DE; GA; NJ; PA** |

Then, in Plaintiffs' newest disclosure statement, citizenship of four members (all LLCs) are still unknown. (Doc. 35 at 9-10, 12-13, 15). These entities follow: (1) HMP Systems, LLC; (2) RG Fort Myers, LLC; (3) FTM EDNB Apts Holdings, LLC; and (4) MF1 Champion Ring Fort Myers, LLC. First, HMP has at least two members with full citizenship still pending. (Doc. 35 at 10). Second, RG apparently has an LLC member with full citizenship still pending. (Doc. 35 at 9). Third, FTM has multiple members—including other LLCs and trusts—with full citizenship still pending. (Doc. 35 at 12-13); *see generally Mumford v. Gage*, No. 3:26-cv-2730-MMH-LLL, 2026 U.S. Dist. LEXIS 235157, at *5 (M.D. Fla. Oct. 15, 2026) (discussing trust citizenship for diversity jurisdiction); *id.* at *5 n.3-4 (same). And fourth, MF1 has an LLC member with full citizenship still pending. (Doc. 35 at 15). Now, the citizenship looks like this:

| π | *v.* | Δ |
|---|---|---|
| **FL; NY; MA; MO; TX; NC; ???** | | **DE; GA; NJ; PA** |

In sum, the citizenship questions keep compounding, with the picture becoming more Jackson Pollack-like from every angle. While the Court appreciates the parties' efforts to determine citizenship, we now know that any final decision on "citizenship remains under investigation." (Doc. 33 at 4; Doc. 35 at 4). Without an answer on citizenship of the parties, the Court cannot ensure complete diversity.

*E.g.*, *Univ. of S. Ala.*, 168 F.3d, at 412 ("Where jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants.").

**B. Jurisdictional Discovery**

With that said, Defendants seek another disclosure statement and (if necessary) jurisdictional discovery. (Doc. 26 at 19). At this point in the proceedings, however, the parties filed four disclosure statements. (Doc. 9; Doc. 32; Doc. 33; Doc. 35). By all accounts, each side earnestly tried but simply cannot resolve complete diversity of citizenship in this action.

So all that remains is Defendants' request to conduct jurisdictional discovery. Courts can allow this relief, but they needn't do so. *See CSDVRS, LLC v. Purple Communs., Inc.*, 979 F. Supp. 2d 1302 (M.D. Fla. 2013). "Generally, this Court does not allow jurisdictional discovery for defendants who remove while guessing whether there is federal jurisdiction." *4075 Edison*, 2022 U.S. Dist. LEXIS 98832, at *3-4 (collecting cases). That's because "'jurisdictional discovery should be conducted *before* removal—not *after*.'" *Id.* at *4.

In evaluating removal here—even with the post-removal evidence provided—Defendants failed to dispel the obvious uncertainty of Taverna's citizenship notwithstanding the opportunity to respond. *See Aum Realty II FL, LLC v. Vantage Risk Specialty Ins. Co.*, No. 2:24-cv-635-SPC-NPM, 2024 U.S. Dist. LEXIS 137025 (M.D. Fla. Aug. 2, 2024) (remanding when defendant failed to demonstrate via supplement to its notice of removal that federal jurisdiction was proper). And recall, uncertainties regarding jurisdiction "should be resolved in

favor of remand." *King v. Gov't Emples. Ins. Co.*, 579 F. App'x 796, 800 (11th Cir. 2014). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411. "A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." *Id.*

With the above in mind, this Court declines to keep the case while the parties figure out where it belongs. *See, e.g.*, *CityPlace Retail, Ltd. Liab. Co.*, 2021 U.S. App. LEXIS 21054, at *4-7 (finding further amendment would be unhelpful after LLC Plaintiff's citizenship on the record grew from none to four states of citizenship). On remand, Defendants may conduct discovery on Taverna's citizenship and remove again (provided removal is otherwise jurisdictionally and procedurally proper). Unless that occurs, the Court lacks subject-matter jurisdiction and must remand.[4]

### 3. Opposed Motion for Special Admission (Doc. 21)

Given the above, pro hac is a moot issue. So the Court denies that Motion.

**ORDERED:**[5]

[4] The pending Motion to Dismiss (Doc. 37) doesn't change the answer. *See Univ. of S. Ala.*, 168 F.3d at 411 ("[A] federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court.").

[5] "Because a motion to remand does not address the merits of the case but merely changes the forum, the Court finds it a non-dispositive matter that does not require a report and recommendation." *Lockhart v. Greyhound Lines, Inc.*, No. 2:22-cv-473-SPC-KCD, 2023

1. Plaintiffs' Motion to Remand (Doc. 19) is **GRANTED**.

2. Matthew Ponzi's Opposed Motion for Special Admission (Doc. 21) is **DENIED as moot**.

3. Plaintiffs' Unopposed Motion to Withdraw Motion to Remand (Doc. 36) is **DENIED**.

4. This action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

5. The Clerk of Court is **DIRECTED** to **WAIT** for fourteen days. If that time passes without any party filing Rule 72 objections, then—afterward—the Clerk must do the following:

a. Transmit a certified copy of this Order to the Clerk for the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

b. Deny any pending motions as moot, terminate any deadlines, and close the case.

In Fort Myers, Florida, on October 29, 2026.

Kevin R. Huguelet
United States Magistrate Judge

---

WL 155279, at *5 n.3. (M.D. Fla. Jan. 11, 2023) (citing *Franklin v. City of Homewood*, No. CIV.A. 07-TMP-006-S, 2007 WL 1804411, at *3 (N.D. Ala. June 21, 2007)).